IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MARK REESE, #191861, and**
**TOMMIE BLACKMON, #194483,**          :

      **Plaintiff,**                                      :

**vs.**                                                     :   **CIVIL ACTION 20-0547-CG-MU**

**ACCESS SECUREPAK,** *et al.,*                 :

      **Defendants.**                              :


<u>**REPORT AND RECOMMENDATION**</u>

The action before the Court was filed by two Alabama prison inmates proceeding *pro se.* The action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that Plaintiff Tommie Blackmon's claims be dismissed without prejudice for failure to prosecute and to follow the Court's order, that Plaintiff Mark Reese's motion to sever (Doc. 6, PageID.28) be denied as moot, and that Plaintiff Mark Reese's claims be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that this action be dismissed without prejudice in its entirety.

**I.  Complaint (Doc. 1) and Proceedings.**

Plaintiffs Reese and Blackmon filed a jointly signed complaint and their individual motions to proceed without prepayment of fees. (Doc. 1 at 5, PageID.5; Doc. 2, PageID.11; Doc. 3, PageID.16; Doc. 4, PageID.21). Because the Prison Litigation Reform Act prohibits more than one inmate from proceeding *in forma* pauperis in an

action, the Court explained to Plaintiffs the choices available to themL: pay the filing fee or each file his own complaint, which would result in another action being opened for one of the complaints. (Doc. 5 at 2, PageID.27). They were ordered to comply with the Court's order by January 20, 2021 and were warned that a noncomplying party would be dismissed from the action. (*Id.*). The Court has not heard from Plaintiff Blackmon, and on February 3, 2021, Plaintiff Reese filed a motion to sever Plaintiff Blackmon from him and to allow him to proceed in this action, which was signed only by him. (Doc. 6 at 3, PageID.30). In light of Plaintiff Blackmon's failure to comply with the Court's order and to his prosecute his claims, and Plaintiff Reese's motion to sever Plaintiff Blackmon from Plaintiff Reese, it is recommended that Plaintiff Blackmon be **DISMISSED** without prejudice from this action for failure to comply with the Court's order and to prosecute this action, and Plaintiff Reese's motion to sever be **DENIED** as **MOOT**.

Turning to the complaint, Plaintiff Reese invokes this Court's diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, and sues as Defendants Access SecurePak, Access Corrections, Keefe Commissary Network, LLC, and HIG Capital. (Doc. 1 at 6, PageID.2). Plaintiff Reese gave the same address for all Defendants, 10880 Linpage Place, St. Louis, Missouri 63132. (*Id.*). The citizenship of these corporate entities though has not been provided.

According to the complaint, Plaintiff Reese is being taxed at a rate of nine percent on food and goods sold to him at the prison. (Doc. 1 at 2, PageID.2). The tax, he claims, is based on Article 1, Section 1 of the 1901 Constitution of Alabama which provides for a tax to be placed on net income in order to maintain the government. (*Id.* at 2-3, PageID.2-3). However, he is prisoner who receives money only through gifts as

he has no job, earned income, gross income, or net income.   (*Id.*).   Nonetheless, he is still taxed by "ADOC, Keefe Commissary Network LLC, Wexford Inc., and Access SecurePak" through local city taxes, local county taxes, state taxes, and mark-up of canteen goods and co-payments for health care.  (*Id.* at 3, PageID.3).  Plaintiff Reese asserts that "Defendant Access Pak claims that the State of Alabama requires it to collect sales tax[es] on all merchandise sold to [him.]"[1]  (*Id.*).  Plaintiff Reese maintains that Defendant Access Pak's actions are based on the void 1901 Constitution of Alabama which gives power to the Alabama legislature to make laws.  (*Id.* at 4, PageID.4).  He contends that Alabama's 1901 Constitution "was ratified on the basis of purposeful discrimination[,] [r]endering [it] void as it's repugnant to the 14th Amendment of the United States Constitution." (*Id.*).  Thus, he argues that Defendant Access Pak has "no authority to tax [him] [o]n the sale of food and other goods." (*Id.*).  For relief, Plaintiff Reese wants $125,000,000 in compensatory damages as a refund for the taxes charged to him and other similarly situated inmates, $10,000 for litigation costs, and $1,350,000 in punitive damages.  (*Id.* at 4-5, PageID.4-5).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff Reese is proceeding *in forma pauperis*, the Court is screening his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are

---

[1] Plaintiff Reese refers to Access Pak in his allegations, which the Court is deducing is the same entity as Access SecurePak that was named as Defendant.

immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id*.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 U.S. (2009). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a

recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  Analysis.

### A.  The Absence of Diversity-of-Citizenship Jurisdiction.

The Court questions whether diversity-of-citizenship jurisdiction exists over this action, as "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). To establish diversity-of-citizenship jurisdiction, a plaintiff is required to demonstrate "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--. . . citizens of different States." 28 U.S.C. § 1332(a).

Diversity-of-citizenship jurisdiction requires a plaintiff "be diverse from every defendant." *Flintock Const. Serv., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Flintock Const. Serv.,* 710 F.3d at 1224*.*

It is Plaintiff Reese's burden to prove by a preponderance of evidence the existence of diversity jurisdiction by showing Defendants' states of incorporation and principal places of business. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."); 28 U.S.C. § 1332(c)(1). No information, however, is contained in the complaint regarding each Defendant's state of incorporation and the state in which each Defendant has its principal place of business. Furthermore, Plaintiff Reese's current place of incarceration is not his domicile for jurisdiction purposes; he must allege in the complaint his domicile prior to his incarceration. *Horn v. Estate of Camacho*, 817 F. App'x 872, 875 (11th Cir. 2020); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314 (11th Cir. 2002). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. . . . A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . ." *McCormick,* 293 F.3d at 1257-58 (citations and quotation marks omitted). Because of these deficiencies, Plaintiff has not established that this Court has subject-matter jurisdiction based on diversity-of-citizenship jurisdiction.

The other requirement to establish diversity-of-citizenship jurisdiction is that the controversy exceeds $75,000. Plaintiff Reese requests $125,000,000 in compensatory damages which are described as a refund. (Doc. 1 at 4, PageID.4). The Court can only

surmise this amount and the other amounts he requested, $10,000 in litigation expenses and $1,350,000 in punitive damages, include the claims that he indicates that he is bringing for "all inmates similar[ly] situated."  (Doc. 1 at 4-5, PageID.4-5).  Plaintiff Reese, however, is limited to conducting his own case, as he is not known to the Court to be an attorney.  *Class v. U.S. Bank Nat'l Assoc.*, 734 F. App'x 634, 636 (11th Cir. 2018); *Harris v. Brock,* 2019 WL 1373663, at *1 (S.D. Ala. 2019) (unpublished), *adopting report and recommendation*, 2019 WL 1371142 (S.D. Ala. 2019); 28 U.S.C. § 1654.  Typically, a "plaintiff's good-faith pleading will be second guessed only if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335,1342 (11th Cir. 2018) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

No facts are alleged demonstrating the amount of Plaintiff's purchases and the corresponding taxes that he has paid to Defendants.  In fact, his allegations are lacking in concrete facts concerning any damages that he personally has suffered.  Due to the absence of specific factual information in the complaint, it is impossible to assess any compensatory or punitive damages to which he may be entitled, much less any compensation for litigation expenses.  Relying on judicial experience and common sense, it is not readily apparent from the complaint that the claims that are personal to Plaintiff Reese exceed $75,000; to hold otherwise, the Court would be engaging in mere speculation.  *Crocker*, 2016 WL 740296, at *4; *see Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp.3d 1276, 1285 (S.D. Fla. 2019) (remanding the action to the state court because the court found that based on its judicial experience, and with a modicum of

common sense, the total amount in controversy, including attorney fees, would not exceed $75,000); *Gilbert v. Miller,* 2018 WL 6835916, at *3 (S.D. Ala. 2018) (unpublished) (finding "to a legal certainty that the claim is really for less than the jurisdictional amount") (citation omitted), *adopting report and recommendation*, 2018 WL 6835808 (S.D. Ala. 2018); *Register v. Rus of Auburn*, 193 F. Supp.2d 1273, 1280 (M.D. Ala. 2002) (finding diversity jurisdiction did not exist when the jurisdictional amount of $75,000 would be met largely by punitive damages because the compensatory damages would not exceed $2000, which results in a ratio of 36-1 or 37-1, which transgresses due-process protections).  Thus, the Court concludes that Plaintiff Reese has not demonstrated that the amount in controversy exceeds $75,000.  For this alternate reason, the Court finds that diversity-of-citizenship jurisdiction has not been established.

Accordingly, it is recommended that Plaintiff Reese's action be dismissed without prejudice for lack of subject-matter jurisdiction.  *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding the court should on dismiss on jurisdictional grounds alone as the court would be without power to address the merits).

### B.  Failure to State a Claim.

If Plaintiff was able to establish diversity-of-citizenship jurisdiction, his allegations fail to state a claim upon relief can be granted and are subject dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  In Plaintiff's very brief complaint, he identified as Defendants Access SecurePak, Access Corrections, Keefe Commissary Network, LLC, and HIG Capital.  The Court's discussion is limited to these Defendants and not to the other entities mentioned in the complaint, that is, ADOC and Wexford, and any allegations

connected to them, e.g., co-payment for health care.  Moreover, Plaintiff Reese's allegations appear to be focused on Defendant Access SecurePak's actions.  (Doc. 1 at 4, PageID.4).

Plaintiff complains that he is being taxed at a rate of nine percent on food and goods sold to him, which is based on Article 1, Section 1 of the 1901 Alabama Constitution that levies a tax on net income.  Plaintiff's reliance on this section is not well-founded.  Article 1, Section 1 states: "That all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness."  ALA. CONST. art. I, § 1.  This section is not concerned with taxation.  *Cf.* ALA. CODE § 40-18-2 (2006) (imposing a tax on income); ALA. CODE § 40-18-14(1) (defining gross income) (2012); ALA. CODE § 40-18-14(3) (c) (2012) (excluding gifts from gross income); ALA. CODE § 40-18-27 (2018) (requiring individuals to file an income tax return with the Department of Revenue); ALA. CODE § 40-18-5 (1982) (tax rates).  Moreover, as stated by Plaintiff Reese, he does not have an income.  (Doc. 1 at 3, PageID.3).  And, on the other hand, he admits to receiving gifts from family and friends.  (*Id.*).  Thus, this claim for taxation of his income by a Defendant that is a private business is lacking legal merit and is therefore frivolous. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833.

In addition, Plaintiff Reese complains that Defendant Access SecurePak is required to collect a sales tax on the goods and food sold to him.  (*Id.*).  Defendant Access SecurePak's authority to collect a sales tax, he contends, is based on the 1901 Alabama Constitution, which gave the Alabama legislature the jurisdiction and authority to make laws.  (*Id.* at 4, PageID.4).  But, he maintains, the 1901 Alabama Constitution

was ratified on the basis of purposeful discrimination, which renders it void because it is repugnant to the Fourteenth Amendment of the United States Constitution.  (*Id.*). Therefore, he asserts that he cannot be taxed on the sale of food and other goods. (*Id.*).

In its research, the Court did not find that 1901 Alabama Constitution has been declared void by a court.  *Caton v. City of Pelham,* 2020 WL 7326399 (Ala. Dec. 11, 2020) (relying on the 1901 Alabama Constitution).  Moreover, Plaintiff Reese's brief and conclusory allegations do not contain a plausible claim for declaring Alabama's 1901 Constitution unconstitutional, and therefore, void.  That is, no facts were alleged to support his legal conclusion of purposeful discrimination.  *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966 (the allegations must show plausibility to state a claim); *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Turning the sales tax aspect of his claim, section 40-23-2(1) of the Alabama Code (taxing gross receipts) provides:

> There is levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:
> (1) Upon every person, firm, or corporation, . . . in the business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character, . . . , an amount equal to four percent of the gross proceeds of sales of the business except where a different amount is expressly provided herein.

ALA. CODE § 40-23-2(1); *see State Dep't of Revenue v. Kelly's Food Concepts of Ala., LLP,* 157 So.3d 944, 946 (Ala. Civ. App. 2014) (noting Ala. Code § 40-23-2(1) is the sales tax act under which the department was seeking to collect from a wholesaler). Thus, any Defendant who is in the business of selling in Alabama, as Plaintiff alleges Defendants are, must collect the State's sales tax as required by Alabama law.  *See* ALA. CODE § 40-23-7 (2019) (taxes collected must be paid monthly to the State).  The sales tax must be added to the purchase price.  ALA. CODE § 40-23-26(a) (1975).  The failure to add the sales tax and collect it will cause a person or firm to be guilty of a misdemeanor violation.  ALA. CODE § 40-23-26(b) (1975).

The issue of paying taxes on purchases at the Montgomery City Jail commissary was addressed in a § 1983 action in *Tolbert v. City of Montgomery,* 2008 WL 819067 (M.D. Ala. 2008).  No due process violation was found when a hearing was not provided before imposing the tax because the inmates had no right protected by Constitution in making commissary purchases and in not paying taxes associated with the purchases. *Id.* at *1.  The case was dismissed with prejudice prior to service of process pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id.*; *see also Hughley v. City of Montgomery,* 2008 WL 1745337, at *1 (M.D. Ala. 2008) (same).  Furthermore, an inmate has no legal basis for the commissary to offer items tax-free.  *Poole v. Stubblefield*, 2005 WL 2290450 (E.D. Mo. 2005); *Register v. Helder,* 2015 WL 6123071, at *2 (W.D. Ark. 2015); *see Amos v. Stolzer,* 2014 WL 6473596 (E.D. Mo. 2014) (finding that a claim for a violation of state law based on a sales tax being charged by the Keefe Group on commissary purchases failed to state a § 1983 claim).

When a federal district court sits in diversity to address state-law claims, it is required to apply state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 817, 822, 82 L.Ed. 1188 (1938). Defendants are required by state law to collect state sales tax on the goods and food they sell at the prison; thus, Defendants have not violated state law when they collect the state sales tax on purchases made by Plaintiff Reese. Accordingly, Plaintiff Reese's sales tax claims are frivolous. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833

## IV. Conclusion.

It is recommended that Plaintiff Tommie Blackmon's claims be dismissed without prejudice for failure to prosecute and to obey the Court's order. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (holding the court has the inherent authority to dismiss an action *sua sponte* for lack of prosecution). Consequently, it is recommended that Plaintiff Reese's motion to sever (Doc. 6, PageID.28) be denied as moot. It is further recommended that because Plaintiff Reese failed to demonstrate diversity-of-citizenship jurisdiction by failing to establish Defendants' citizenship, his citizenship, and that the amount-in-controversy of his personal claims exceeds $75,000, his claims be dismissed without prejudice for lack of subject-matter jurisdiction. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is entered without prejudice."). Lastly, it is recommendation that this action be dismissed without prejudice in its entirety.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 1st day of April, 2021.


s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**